# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NORA ROSENBAUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>　Acting Commissioner of Social Security,<br><br>　　　　Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:12-cv-01035-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Nora Rosenbaum (Rosenbaum) appeals the Commissioner of Social Security's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401-33, 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## PROCEDURAL HISTORY

In September 2009, Rosenbaum protectively filed applications for DIB and SSI, alleging a disability on-set date of May 22, 2007 (Administrative Record (AR) 137, 144, 199). On June 13, 2011, after her applications were denied by the state agency, an administrative law judge (ALJ) held a hearing on Rosenbaum's disability claim (AR 25-61) and subsequently issued a decision finding that Rosenbaum was not disabled (AR 14-24). The Appeals Council denied Rosenbaum's request for review of that decision (AR 1-4), making the ALJ's decision the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981.[1] This appeal followed. After submitting their briefs, the parties, through counsel, appeared before this Court for oral argument on August 27, 2013.

---

[1] All citations to the Code of Federal Regulations (C.F.R.) are to the 2013 edition. Because Title II (DIB, part 404) and Title XVI (SSI, part 416) have parallel citations, this order references only the Title II (part 404) citations.

**STATEMENT OF RELEVANT LAW**

**I.    Definition of disability under the Act**

The Act states that an individual "shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The inability to perform such work must last, or be expected to last, at least 12 consecutive months. *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

**II.   Process for determining disability under the Act**

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to [her] past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4). If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id*.

**III.  Standard of review**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Id.* Where the evidence as a whole can

support either the agency's decision or an award of benefits, the court must affirm the agency's decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## ARGUMENT & DISCUSSION

**I.** **The ALJ's step two finding sufficiently addressed all of Rosenbaum's relevant, medically determinable impairments**.

Rosenbaum argues that the ALJ should have found her bipolar disorder, panic disorder with agoraphobia, intermittent explosive disorder, right shoulder pain, and left knee pain to be severe impairments at step two of the sequential evaluation (doc. 15, doc. 21). The Commissioner argues that the ALJ sufficiently accounted for all of Rosenbaum's severe impairments at step two (doc. 20). Upon consideration, the Court agrees with the Commissioner.

Step two of the sequential evaluation is used to screen out frivolous claims by eliminating from consideration those claimants who have no severe impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 158 (1987); *Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008). The regulations provide that a claim will be denied at step two only where a claimant fails to prove the existence of a severe impairment or combination of impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(2), (c).

Here, the ALJ determined that Rosenbaum had severe impairments, including depression/anxiety, back pain, left leg pain, and right knee pain (AR 16-17), and discussed Rosenbaum's particular impairments within her discussion of severe impairments. For example, under the heading "Depression/anxiety," the ALJ stated that Dr. Heinbecker diagnosed Rosenbaum with bipolar disorder, panic disorder with agoraphobia, and intermittent explosive disorder (AR 16-17). In a similar fashion, the ALJ discussed Rosenbaum's mild scoliosis, degenerative disc space narrowing, left knee pain, left leg radicular pain, and right knee pain (AR 17). Thus, the ALJ discussed and accounted for Rosenbaum's bipolar disorder, panic disorder with agoraphobia, intermittent explosive disorder, and left knee pain.

The Court has also considered Rosenbaum's contention that her right shoulder pain should have been considered a severe impairment. Only a medically determinable impairment that meets the 12-month statutory duration requirement may be considered to be a severe impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c). A claimant's statements, alone, are insufficient to establish an impairment. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992). At the August 27, 2013, oral argument, Rosenbaum's counsel conceded that the ALJ did not err in assessing Rosenbaum's shoulder pain. Moreover, the evidence of record demonstrates that, outside of a June 2007 complaint of four-day-long shoulder pain (AR 492), Rosenbaum did not complain of and did not seek treatment for shoulder pain throughout the remainder of the period at issue. In May 2010, consultative examining physician Richard Ingebretsen, M.D., examined Rosenbaum's shoulder and explicitly stated that he found no abnormalities or pain (AR 403). As such, the Court finds that the ALJ was not required to find that Rosenbaum's shoulder pain was a severe impairment.

**II.** **By declining to raise any issues regarding the ALJ's step three determination in her opening brief, Rosenbaum waived that issue**.

At the August 27, 2013, hearing, Rosenbaum, through counsel, argued that the ALJ erred at step three of the sequential evaluation process. The Commissioner responded that because Rosenbaum had only raised the issue for the first time at hearing, that issue was waived. Absent extenuating circumstances, issues not raised in an opening brief are generally considered to be waived. *See Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1182 n.51 (10th Cir. 2005). The Court finds, and counsel ultimately conceded, that because Rosenbaum did not raise this issue in her opening brief she waived any step three argument.

**III.** **The ALJ's residual functional capacity assessment was supported by substantial evidence**.

Residual functional capacity is an administrative determination left solely to the Commissioner. *See* 20 C.F.R. § 404.1546(c) (at the administrative hearing level, the ALJ is responsible for assessing residual functional capacity); Social Security Ruling (SSR) 96-5p,

4

1996 WL 374183, at *2 (stating that some issues, such as residual functional capacity, are not medical issues regarding the nature and severity of an individual's impairment(s) but instead administrative findings that are dispositive of a case, and thus are reserved to the Commissioner). Residual functional capacity is based on all the evidence in the record, not just medical opinions, lay witness statements, or a claimant's testimony. *See* 20 C.F.R. § 404.1545(a)(3) (residual functional capacity is assessed based on all of the relevant medical and other evidence in the record). On substantial evidence review, a court considers the entire record in determining whether the ALJ's residual functional capacity findings were supported by substantial evidence. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

Rosenbaum challenges the ALJ's residual functional capacity assessment, including the ALJ's assessment of the opinions of an examining psychologist, a treating physician's assistant, and treating counselors, and the ALJ's assessment of the credibility of Rosenbaum's complaints (doc. 15, doc. 21). The Commissioner argues that the ALJ provided sufficiently specific reasons for her findings, and that her residual functional capacity assessment is supported by substantial evidence (doc. 20). The Court agrees with the Commissioner.

Rosenbaum argues that the ALJ should have given greater weight to the mental limitations assessed by her primary care provider, physician's assistant Michael Gomez (AR 452-53, 474). In December 2010, Mr. Gomez stated that Rosenbaum was "currently unable to work in any capacity" due to pain, anxiety, depression, and social anxiety (AR 474). Opinions on the ultimate issue of disability, including opinions that a claimant cannot work or is disabled, are reserved exclusively to the Commissioner. *See* 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374186; *see also Cowan*, 552 F.3d at 1189. And, as the ALJ reasonably noted, Mr. Gomez indicated that Rosenbaum should be reevaluated in three months, which suggested that Mr. Gomez did not consider the duration of Rosenbaum's inability to work to be long-term (AR 22). Because a claimant's inability to work must last at least 12 consecutive months to

qualify as disabling, *Walton*, 535 U.S. at 219, 221-22, the ALJ's reason for discounting Mr. Gomez's statement was sufficient.

In September 2010, Mr. Gomez opined that Rosenbaum had marked and extreme limitations in several areas of mental functioning, including areas related to attention, concentration, sustaining an ordinary routine, and working with others (AR 452-53). In evaluating the opinions of non-acceptable medical sources, such as Mr. Gomez, "the ALJ's decision is sufficient if it permits [the reviewing court] to 'follow the adjudicator's reasoning.'" *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (quoting SSR 06-03p, 2006 WL 2329939, at *6); *see also* 20 C.F.R. § 404.1513(d) (defining physician's assistants as non-acceptable medical sources). The ALJ found that Mr. Gomez's opinion "was not consistent with the objective evidence as discussed throughout [the ALJ's] decision," and that the preponderance of the evidence throughout the record supported a finding that Rosenbaum was not as limited as Mr. Gomez believed (AR 22). The record includes evidence that Rosenbaum managed her anxiety with only limited use of medication on an as-needed basis, which she reported "worked well," and that Rosenbaum's examining psychologist, examining psychiatrist, and treating therapists indicated that Rosenbaum was not as limited as Mr. Gomez believed (AR 346, 360, 363-64, 398, 516, 527). Thus, the ALJ's findings regarding Mr. Gomez's opinions were supported by substantial evidence.

Next, Rosenbaum argues that the ALJ did not sufficiently account for the limitations assessed by examining psychologist Harold Rishe, Ph.D., and examining psychiatrist Peter Heinbecker, M.D (doc. 15, doc. 21). Dr. Rishe and Dr. Heinbecker indicated that Rosenbaum was resistant to change; had difficulty with relationships; had difficulty concentrating; had little interpersonal sensitivity; and complained of difficulty with memory and concentration (AR 397, 525-26). In assessing residual functional capacity, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Here, the ALJ reasonably accounted for Dr. Rishe's and Dr. Heinbecker's limitations by restricting Rosenbaum to unskilled work involving no work with the public, requiring no independent decision making, and having little daily change (AR 18). This finding was supported by Dr. Sullivan, who reviewed Dr. Rishe's and Dr. Heinbecker's findings, as well as the other evidence in the record, and concluded that Rosenbaum could perform one-to-two step tasks with limited social contact (AR 423-24, 449).

Rosenbaum argues that the ALJ should have found her reports and statement of her symptoms to be more credible and that the ALJ's decision did not contain her resolution of all of the factors used in assessing credibility (doc. 15, doc. 21). The primary consideration in evaluating the credibility of a claimant's statements is their consistency with the other evidence of record. *See* 20 C.F.R. § 404.1529(c)(4). An ALJ is not required to engage in "a formalistic factor-by-factor recitation of the evidence; so long as [she] sets forth the specific evidence [s]he relied on in evaluating [the claimant's] credibility." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000); *see also Keyes-Zachary*, 695 F.3d at 1169 (holding that the ALJ was not required to "explicitly state 'I find this statement credible' or 'I find this statement not credible' for each factual assertion" made by the claimant).

Here, the ALJ discussed Rosenbaum's allegations regarding her physical and mental impairments, as well as the evidence of record (AR 19-22). The ALJ gave several reasons for her credibility assessment, including Rosenbaum's limited medical treatment and limited use of medication; her responsiveness to treatment; her lack of objective findings and imaging substantiating the severity of her claims; her gaps in treatment; and her work activity during the time in which she claimed she was disabled. Those reasons, bolstered by substantial evidence, were sufficient to support the ALJ's credibility findings. *See* 20 C.F.R. § 404.1571 ("Even if the work you have done [during a period of claimed disability] was not substantial gainful activity, it may show that you are able to do more work than you actually did."); *see also Poppa v. Astrue*, 569 F.3d 1167, 1171 n.3 (10th Cir. 2009) (upholding an ALJ's credibility finding where, among

other factors, an ALJ noted a claimant had positive straight leg raise tests before surgery but negative straight leg raise tests after surgery); *White v. Barnhart*, 287 F.3d 903, 909-10 (10th Cir. 2002) (claimant's admission that medication relieved some of her pain supported finding that her impairments were not disabling).

### IV. The ALJ properly relied on vocational expert testimony.

Quoting SSR 83-12, Rosenbaum argues that a person who can only perform unskilled, sedentary or light work cannot ordinarily sit or stand at will (*see* SSR 83-12, 1983 WL 31253, at *4); thus, Rosenbaum argues that the vocational expert's response to the ALJ's hypothetical question (whether a person sharing Rosenbaum's vocational characteristics of age, education, work experience, and residual functional capacity) was flawed (doc. 15, doc. 21). The Commissioner argues that SSR 83-12 does not stand for the proposition that no unskilled sedentary or light jobs can be performed in such a manner, but rather states that in such circumstances, a vocational expert should be consulted (doc. 20). The Commissioner is correct. SSR 83-12 states that "[i]n cases of unusual limitation of ability to sit or stand, a V[ocational] S[pecialist] should be consulted." 1983 WL 31253, at *4. And, in any event, the ALJ's residual functional capacity finding limited Rosenbaum to changing position every hour—not at will (AR 18). Moreover, the ALJ presented a vocational expert with Rosenbaum's limitations, including the requirement to change position every hour, and the vocational expert identified several jobs a person with such a limitation could perform (AR 55-57). Thus, SSR 83-12 does not appear to apply to this case.

Rosenbaum also argues that the ALJ did not ask the vocational expert whether his testimony conflicted with the Dictionary of Occupational Titles (DOT). SSR 00-4p states, in relevant part, that "[w]hen there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation . . . ." 2000 WL 1898704, at *2. When the ALJ does not inquire whether there is a conflict, but no such conflict exists, there is no basis for remand. *Poppa*, 569 F.3d at 1173. Rosenbaum identifies no such

unresolved conflict in the vocational expert's testimony; as such, this Court finds no basis for remand.

V.     **The additional evidence Rosenbaum submitted to the Appeals Council does not undermine the Commissioner's final decision.**

After the ALJ's June 28, 2011, decision, Rosenbaum submitted additional evidence to the Appeals Council (AR 4). That evidence included a June 2011 one-page, check-the-box form, completed by therapist Karen Cannon, which stated that Rosenbaum had a Global Assessment of Function score of 65 (AR 132).[2] The therapist also indicated that Rosenbaum's mental impairments caused moderate difficulties in her activities of daily living and moderate difficulties in social functioning (AR 132).

When denying a request for review, the Appeals Council is not required to explicitly discuss new evidence submitted to it. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006). And, in such circumstances, the question before this Court is whether the new evidence provides a basis for changing the ALJ's decision. *See O'Dell v. Shalala*, 44 F.3d 855, 858-59 (10th Cir. 1994) ("new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the [ALJ's] decision for substantial evidence"). The Court concludes that it does not. Ms. Cannon's GAF score and "moderate" difficulty ratings appear to be consistent with the ALJ's residual functional capacity finding, which limited Rosenbaum to performing only unskilled work, involving little daily change, no work with the public, and no independent decision making (AR 18).

---

[2] A Global Assessment of Functioning score of 65 indicates mild symptoms or some functional limitations, but generally functioning pretty well with some meaningful relationships. *See* American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders*, "Global Assessment of Functioning," at 34 (4th ed. rev. 2000).

## CONCLUSION

The Commissioner's decision is supported by substantial evidence and free from harmful legal error. Accordingly, IT IS HEREBY ORDERED that the ALJ's determination that Rosenbaum should be denied Social Security benefits be AFFIRMED.

Dated this 12th day of September, 2013.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE